UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-102-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| $2,905.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the Government's Motion for Default Judgment. [DE-8.] For the reasons stated below, the motion will be ALLOWED.

## I. STATEMENT OF THE FACTS

This forfeiture action arises out of a January 11, 2011 search of the vehicle of Delila Spencer. On that same date, a confidential informant arranged to purchase 200 bags of heroin at a meeting location from Spencer. When Spencer arrived, she was stopped by New Hanover County Sheriff's Office detectives. When the detectives made contact with her, she stated "its right here." Detectives then removed 200 bags of heroine from the floorboards. A further search resulted in the seizure of $2,905.00 in United States currency for forfeiture. [*See* DE-1-1 at 1-2.]

## III. PROCEDURAL HISTORY

The Government initiated this action by filing a Complaint for Forfeiture In Rem in this court on April 23, 2012, alleging that the Defendant, $2,905.00 in United States currency, was "used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the

United States pursuant to 21 U.S.C. § 881(a)(6)." [DE-1 at 2.] In accordance with Supplemental Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Clerk of Court issued a Warrant of Arrest and Notice In Rem on April 24, 2012. [DE-4.] Beginning on April 27, 2012, a Notice of Civil Forfeiture was posted on an official government internet site, www.forfeiture.gov, for at least 30 consecutive days, and a proof of publication was filed with this court on January 11, 2013. [DE-6-2 at 1.]

On May 3, 2012, the Government completed service on the Defendant currency while it was in the possession of the United States Marshals Service. [DE-5.] The Complaint and the Warrant for Arrest In Rem were served by an agent of the United States Postal Service via certified mail on potential claimant Spencer on April 30, 2012. [DE-6-1 at 1.] No answer or claim has been filed by Spencer or any other person in this action.

On January 11, 2013, the Government filed an Affidavit of Failure to Plead or Otherwise Defend [DE-6], a Motion for Entry of Default [DE-7], and a Motion for Default Judgment [DE-8]. The Clerk of Court entered Default [DE-9] against Defendant currency on February 14, 2013 and submitted the Government's Motion for Default Judgment to the undersigned.

### III. DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows the court to enter default judgment against a party who has failed to answer or otherwise plead. The only known potential claimant, Spencer, was served with notice of the action and a copy of the complaint pursuant to Supplemental Rule G(4)(b), and she has not filed an answer or claim in this action. The Defendant currency also has been properly served, and it too is in default.

A defendant in default, and a claimant who fails to assert a claim *in rem*, is deemed to have

2

admitted all of the plaintiff's well-pled allegations of fact, which then form the basis of the judgment in the plaintiff's favor. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where, as here, the action is *in rem* and the Government seeks a forfeiture pursuant to 21 U.S.C. § 886(a)(6), the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed.R.Civ.P. Supp.R. G(2)(f). The court finds that the Complaint and the attached affidavit satisfies the Government's burden.

Accordingly, based on the foregoing, the court ORDERS that:

1. The Government's Motion for Default Judgment [DE-8] is ALLOWED;

2. Default judgment be and the same is hereby entered against the Defendant currency;

3. All persons claiming any right, title, or interest in or to the said Defendant currency are held in default;

4. the Defendant currency is forfeited to the United States of America; and

5. the United States Marshals Service is hereby directed to dispose of the Defendant currency according to the law.

SO ORDERED.

This the 1st day of April, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3